**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12838

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JHAN CARLOS LUGO RUIZ,

*Defendant- Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:25-cr-80072-AMC-4

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Jhan Carlos Lugo Ruiz appeals his nine-month sentence of imprisonment for unlawfully entering the United States after having previously been removed. He argues that his sentence was

procedurally unreasonable because the district court considered a police report documenting prior criminal conduct.  He also argues that his above-Guidelines sentence was substantively unreasonable.  We affirm.

## I.

Lugo Ruiz is a citizen of the Dominican Republic who has illegally entered or attempted to enter the United States at least three times.  He was first encountered by immigration officials near Laredo, Texas in 2016 after wading across the Rio Grande River; that time, he was convicted of illegal entry and deported in 2018 after serving a 5-day sentence.  He returned (again illegally) and was deported a second time in 2022.  And in May 2025, he was caught after entering the United States illegally by boat in Palm Beach, Florida.  After the most recent entry, he pleaded guilty to illegally reentering the United States as a previously deported alien, in violation of 8 U.S.C. § 1326(a).

A probation officer prepared a presentence investigation report documenting Lugo Ruiz's background.  The report described his criminal history, including an arrest in 2018 in Massachusetts after police conducting a traffic stop reportedly discovered that he had six baggies of heroin in his mouth.

Lugo Ruiz objected to the presentence report's statement regarding his past drug possession, arguing that the related criminal charges were "dropped prior to any judicial or jury findings," and that the arrest report relied on by the probation officer was insufficient to establish that the conduct occurred as described.

In response, the government submitted the arrest report and records from the state trial court. The arrest report, which was prepared and signed by State Trooper James Farrell, related that on February 11, 2018, the trooper stopped Lugo Ruiz for operating a vehicle without license plate lights. In speaking to Lugo Ruiz after the stop, it became obvious that he had several small objects in his mouth. The objects turned out to be six "twists" of a tan substance that Trooper Farrell identified as heroin. The court records included a sworn complaint alleging that on February 11, 2018, Lugo Ruiz committed a license plate violation, drove a motor vehicle without a license, and possessed heroin with intent to distribute it. The records indicated that Lugo Ruiz was transferred to the custody of immigration enforcement for deportation soon after his arrest, and the state charges remained pending.

The district court overruled Lugo Ruiz's objection to the presentence report. It determined that the arrest report—which contained Trooper Farrell's "specific chronology" of events and "numerous concrete details" that he personally observed—and the sworn complaint were sufficiently reliable and specific to persuade the court that the conduct described in the presentence report had occurred. The court noted that although Lugo Ruiz challenged the reliability of the supporting documents, he had not specifically denied the accuracy of the trooper's report or produced any evidence to rebut it.

The district court also adopted the presentence report's Sentencing Guidelines calculations, which provided a sentencing range

of zero to six months' imprisonment.  Despite the parties' joint recommendation for a middle-of-the-range sentence, the district court varied upward and imposed a sentence of nine months in prison, followed by one year of supervised release.  The court explained that it had considered the statutory sentencing factors and determined that because of his recidivism, the need for specific deterrence warranted the above-Guidelines sentence.

Lugo Ruiz now appeals, challenging the procedural and substantive reasonableness of his sentence.

## II.

We review the procedural and substantive reasonableness of a sentence for abuse of discretion.  *United States v. Rodriguez*, 34 F.4th 961, 969 (11th Cir. 2022).  "We review the district court's factual findings at sentencing only for clear error."  *United States v. Davis*, 130 F.4th 1272, 1290 (11th Cir. 2025).

## III.

### A.

When reviewing a sentence for reasonableness, we first consider whether the district court committed any significant procedural error, such as miscalculating the Guidelines range, failing to consider the statutory sentencing factors, failing to explain the chosen sentence, or basing its sentence on clearly erroneous facts.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  If a defendant objects to a fact stated in the presentence investigation report, the government bears the burden of proving the fact by a preponderance of the

evidence. *Rodriguez*, 34 F.4th at 969. This standard "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004) (quotation omitted). "A sentencing court may rely on disputed facts in a sentencing report when they are shown by some reliable proof allowing the court to conclude it is not unlikely the statements are true." *United States v. Delgado*, 56 F.3d 1357, 1371 (11th Cir. 1995). In making its determination, the court may consider any relevant information, including hearsay, "provided that the information has sufficient indicia of reliability to support its probable accuracy." *United States v. Docampo*, 573 F.3d 1091, 1098 (11th Cir. 2009) (quoting U.S.S.G. § 6A1.3(a)).

The district court here did not procedurally err at sentencing. It correctly calculated the Guidelines range—which was not affected by its finding that Lugo Ruiz once possessed heroin. It heard argument from both parties about the appropriate sentence, considered the § 3553(a) sentencing factors, and explained its reasons for imposing an above-Guidelines sentence.[1] *See Gall*, 552 U.S. at 53. And in selecting the appropriate sentence, it was permitted

---

[1] The § 3553(a) sentencing factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public; the kinds of sentences available; the Sentencing Guidelines range; pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims. 18 U.S.C. § 3553(a).

to consider any information available to it—without limitation—concerning the defendant's "background, character, and conduct." 18 U.S.C. § 3661; *see Witte v. United States*, 515 U.S. 389, 398 (1995) (a judge's inquiry at sentencing is "broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come" (quotation omitted)).

Moreover, the court did not clearly err in adopting the presentence report's factual account of Lugo Ruiz's 2018 heroin possession. The state trooper's coherent and detailed description of events in the arrest report was corroborated by the sworn complaint, which bore the same offense date and police incident number and alleged that Lugo Ruiz committed offenses consistent with the trooper's narrative. Considered together, the documents proffered by the government were sufficient to support the court's determination that the disputed statements were likely accurate. *See Delgado*, 56 F.3d at 1371.

## B.

Lugo Ruiz also argues that his nine-month sentence was substantively unreasonable. As the party challenging the sentence, he bears "the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). Although a district court imposing a sentence above the Guidelines range "must have a justification compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review,

we will vacate such a sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012) (quotation omitted).

We are not left with that conviction here. Lugo Ruiz contends that the district court focused too much on the need for deterrence and failed to give adequate weight to other § 3553(a) sentencing factors, including the applicable Guidelines range and the need to avoid unwarranted sentencing disparities. But we generally will not second-guess the weight given to each of the statutory sentencing factors by the district court, even if it attaches "great weight to one factor over others." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (quotation omitted); *see United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008). The district court's concern for specific deterrence was well-founded, given that this was Lugo Ruiz's third illegal entry or attempted entry into the United States, after two prior deportations and one brief sentence of imprisonment. The court's conclusion that even the high end of the Guidelines range was insufficient to deter Lugo Ruiz from reoffending was not a clear error in judgment. *See Early*, 686 F.3d at 1221, 1223. And its nine-month sentence, which was well below the statutory maximum of two years, was within the range of reasonable sentences available to the court under the circumstances. *See* 8 U.S.C. § 1326(a); *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021).

## IV.

Lugo Ruiz has not shown that the district court based its sentence on clearly erroneous facts or otherwise committed any significant procedural error, and his nine-month sentence was reasonable. We therefore affirm the district court's judgment.

**AFFIRMED.**